Nott, J.
(dissenting). I have not been able to concur in opinion with my brethren in this case. But it is nevertheless one respecting which I should feel less indifferent if I did not think that it would be more extensive in its consequences than seems to be imagined, and will go to disturb titles which have been long settled, and quietly enjoyed. I have always supposed that there was no rule of law better settled in this State, than that a devise of land did not convey more than a life estate without some words of perpetuity, or some provision in the will authorizing the inference that a greater estate was intended to be conveyed. That question was well considered and explicitly decided after great consideration in the case of Hall v. Goodwyn, 2 Nott & M’Cord’s Rep. *383. And although there was adifference of opinion in the court on another point of the case, there was none on that.
In the case of Jenkins v. Clement & Deas, Harp. Eq. Rep. 72, the court of equity appears to have made a different decision. And Chancellor DeSaussure, who decided the case, professes to bottom his opinion on the former decisions of that court. But by a reference to the cases relied on, it will be found that they do not support the opinion. The cases will be found in 3 Desaus. Rep. 80, 168, and 249. Chancellor DeSaussdre himself, in the index to that volume, title will, lays down the purport of those decisions in the following words. *440 “ Words of perpetuity in a will not necessary, intention being plain.” In the case of Clark and Wife v. Mickle, page 168 of that volume, the court expressly admit that such a devise will not convey a fee without being coupled with some circumstances to manifest such an intention. And in the case of Waring v. Middleton and others, in the same volume, 249, which was the last case decided in that court before the case of Jenkins v. Clement & Deas, we see the chancellor laboring through five successive pages to show, that such an intention is to be found in the various provisions of the will; which labor certainly might have been spared if such was the legal effect of a simple isolated devise, without any words of perpetuity, or circumstance evincing such an intention.
By the act of 1824, the law is now altered, and there is no doubt that the present law will be found much more conducive to justice. Persons not skilled in the law are equally liable to omit these technical words which are calculated to carry their intentions into effect, and to use those which express a meaning different from what they do intend. But the legislature has taken care, by the very terms of the act, to give b a prospective Operation, by declaring that “no words of limitation shall hereafter be necessary, &c.” And the distinction between the effect of an act of the legislature altering a former law, and a judicial change of the law, is, that one meets the minds of the community prepared to receive it by its prospective effect, and the other takes them by surprise, by embracing all cases past, present and future. It cannot be considered as a declaratory act, because the object of a declaratory law is, to remove some doubt which previously existed with regard to the law. But on this subject there never had been any doubt. And the court of equity do not put it on that ground, but on the broad ground that it is time the law should be changed. And there never was a case less approved by public opinion, or which went more to lessen the confidence of the country in the judiciary than the case of Jenkins v. Clement & Deas, which is now relied on.
There is no analogy between this case and the case of Gibson v. Taylor. (a) That case depended on the construction of our own act of limitations. Contradictory decisions had been made upon it, and the court was then divided upon the question. Cases had been hanging up in court for years, undecided, in consequence of that decision. The object of the legislature was to remove that doubt, but not to alter the law, and the court then felt bound to yield to those decisions which had been in conformity with the act. The decision which the court is now about to make will go to shake all the titles heretofore depending on the construction of wills, whatever the lapse of time may have been; and I am not prepared to meet the consequences of such a decision.

Decree reversed.

 This case has never been reported.